531 A.2d 518

**Florence G. DALESSANDRO**

v.

**Arthur D. DALESSANDRO, Appellant.**

Superior Court of Pennsylvania.

Argued May 28, 1987.

Filed Sept. 23, 1987.

Bruce D. Desfor, Harrisburg, for appellant.

Joseph F. Sklarosky, Wilkes-Barre, for appellee.

Before CAVANAUGH, KELLY and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from an Order entered December 5, 1986, in the Court of Common Pleas of Luzerne County requiring the appellant, Arthur D. Dalessandro to pay appellee, Florence G. Dalessandro, support in the amount of four hundred ($400.00) dollars per week.

On November 23, 1984, appellee, Florence G. Dalessandro filed a civil complaint in support against the appellant, Arthur D. Dalessandro, in the Court of Common Pleas of Luzerne County. Hearings were held on February 28, March 11, April 15 and April 16, 1986, before the Honorable Frederick Edenharter, specially presiding. After transcription of the record, both parties submitted requests for findings of fact and conclusions of law. On December 1, 1986, Judge Edenharter entered a final order of support in the amount of Four Hundred ($400.00) Dollars per week. This appeal followed.

Appellant presents the following questions for our consideration:

I. When wife (appellee) testified that her needs and lifestyle were modest both before and after separation, did the trial court abuse its discretion by ordering hus-

band to pay spousal support of four hundred dollars ($400.00) per week far in excess of wife's needs?

II. Whether the court erred as a matter of law by requiring husband to pay spousal support in an amount exceeding one-third of husband's net monthly income? (Appellant's brief, p. 3)

With regard to appellant's second issue, the court specifically found and appellant admits that he received sixty-five thousand dollars ($65,000.00) as his judicial salary and that he received investment income of nine thousand eight hundred twelve dollars and two cents ($9,812.02). Further appellant admits that Gene Lispi Chevrolet, Inc. provides him with a life insurance policy costing the company one hundred twenty dollars ($120.00) per month or fourteen hundred forty dollars ($1440.00) per year. Appellant complains, however, that the trial court did not make a specific finding nor does the record in any way support a finding that appellant received certain other perquisites from Gene Lispi Chevrolet, Inc.

When addressing the earnings, earning capacity and property of the appellant, Judge Edenharter concluded:

... (D)efendant receives a yearly judicial salary of $65,-000. per year along with medical coverage for himself and family. In 1985 he received investment income of $9,812.52. He is provided by Gene Lispi Chevrolet, Inc. with an up-to-date automobile for his personal use, including free maintenance. In addition, defendant is provided with an American Express card, a Gulf gas card, life insurance, and other personal living expenses from Gene Lispi Chevrolet, Inc. Defendant has a 50% interest in David Arthur Dalessandro, Inc. and Gene Lispi Chevrolet, Inc. He is part owner of Maple Development Corporation and holds a ⅕ interest therein. In addition, he is a ⅓rd owner of 10–15 acres of land in Yatesville, Luzerne County. Defendant continues to live in the former marital residence, the deed to which is now in the name of the son.

(Trial court opinion, January 26, 1987, p. 4)

A review of the record and the briefs indicates that there is much confusion about exactly what was provided to the appellant by Gene Lispi Chevrolet, Inc. Further, the trial court accepted as findings of fact that appellant is a one-fifth owner of the Maple Development Corporation, that he is one-third owner of ten to fifteen acres of land in Luzerne County and that he is a fifty percent owner of David Arthur Dalessandro, Inc. However, the trial court did not indicate, and we are unable to ascertain from the record, what these assets are worth.

Accordingly, we will remand this case to the trial court for a hearing to determine what appellant receives from Gene Lispi Chevrolet as well as the value of the aforementioned assets.[1]

Case is remanded for a hearing. Jurisdiction of the panel is relinquished. Jurisdiction of the Court is retained.

---

[1]. Because a support order is based in part on the earning, earning capacity and property of payor as well as the needs of the recipient, the earnings, earning capacity of the recipient, and the needs of the payor, we will not at this time reach the merits of appellant's first claim.